THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **In re:** | |
| **Thomas D. Roller** | Case No. 12-61145 (RK) |
| **Debtor** | Chapter 7 |
| | **JUDGE RUSS KENDIG** |

| | |
|---|---|
| **Daniel M. McDermott,** <br> **United States Trustee, Region 9** | Adv. Pro. No. |
| **Plaintiff** | |
| v. | |
| **Thomas D. Roller** | |
| **Defendant** | |

### COMPLAINT TO DENY DISCHARGE OF THOMAS ROLLER PURSUANT TO 11 U.S.C. § 727 (a)(3), (a)(4)(A), (a)(4)(D) and (a)(5)

Now comes Daniel M. McDermott, the United States Trustee for Region 9, and hereby states the following in support of his complaint to deny the discharge of Thomas D. Roller ("Debtor").

### PARTIES

1. Plaintiff, Daniel M. McDermott ("United States Trustee"), is the United States Trustee appointed for Region 9 and has standing to bring this proceeding to deny the discharge of the Debtor.

2. Defendant is the Debtor in this case.

## JURISDICTION

3. This is an adversary proceeding in which the United States Trustee seeks denial of the discharge of the Defendant under 11 U.S.C. § 727 and Rule 7001(4) of the Federal Rules of Bankruptcy Procedure.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Referral of Title 11 Matters in the U.S. Bankruptcy Court for the Northern District of Ohio," entered under Order No. 2012-7. It is a core proceeding over which this court has jurisdiction under 28 U.S.C. § 157(b)(2)(J).

5. Venue is proper in this Court as provided in 28 U.S.C. § 1409.

6. This complaint is timely filed pursuant to Bankruptcy Rules 4004(a) and (b).

## BACKGROUND and PROCEDURAL HISTORY

7. On April 20, 2012, Defendant filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. Concurrent with the filing of the petition, the Defendant filed schedules and a Statement of Financial Affairs ("SOFA") under penalty of perjury.

8. On or about April 20, 2012, the Defendant signed his bankruptcy schedules. In signing his schedules, Defendant stated "I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 21 sheets, and that they are true and correct to the best of my knowledge, information, and belief." Defendant filed or caused to be filed these schedules with his electronic signature on April 20, 2012. Defendant also filed or caused to be filed a Declaration re: Electronic Filing of Documents and Statement of Social Security ("ECF Declaration") on April 20, 2012.

9. Defendant's Schedule I discloses that he was unemployed as of the petition date. Defendant's Statement of Financial Affairs, item 1, discloses that he had earnings of $34,390.52 in 2011. Defendant's 2011 federal income tax return discloses net earnings after contribution to employee retirement plans of $34,391, and the Schedule D filed with his return discloses that during 2011 he sold stocks and other investments totaling $89,243.

10. Defendant's Schedule A discloses that he does not own any real estate. In Schedule B, Defendant stated that he owned $24,525 in personal property, consisting of zero cash, $1,000 in household goods, $100 in wearing apparel, $25 in jewelry, and a 2010 Ford F150 truck valued at $22,250.

11. In Schedule D, Defendant listed a secured claim in favor of Ford Motor Credit for a loan undertaken to purchase his Ford F150. In Schedule F, Defendant listed $112,973 in unsecured claims. Of the total unsecured debt, Defendant listed twelve credit card or personal loan accounts totaling $111,496, and $1,477 of other unsecured debt.

12. In his Statement of Financial Affairs, item 2, Defendant answered "None" in response to the question which requires him to disclose the amount of income received other than from employment, trade, profession, or operation of a business in the two years immediately preceding commencement of his case.

13. In his Statement of Financial affairs, Item 11, Defendant answered "None" in response to the question which requires him to disclose accounts held in his name or for his benefit which were closed, sold, or otherwise transferred within the one year preceding the commencement of the case.

14. In his Statement of Financial Affairs, Item 19d, Defendant answered "None" in response to the question which requires him to list all financial institutions, creditors or other parties to

whom he issued a financial statement within the two years preceding the commencement of the case.

15. In his Declaration re: Electronic Filing of Documents and Statement of Social Security Number, Defendant declared under penalty of perjury that the information provided in his electronically filed petition, statements, and schedules, as well as any other document containing an original signature, was true, correct, and complete.

16. On June 14, 2012, Defendant appeared for the meeting of creditors required by 11 U.S.C. § 341. Under oath, Defendant affirmed the accuracy of the statements in his bankruptcy schedules and statement of financial affairs. Defendant testified that the majority of his credit card debt was incurred in 2011, when he purchased items for a failed restaurant known as Someplace New, Inc. Defendant testified that he had withdrawn money from his investment account, taken loans from his retirement savings account, and used his personal credit cards to purchase materials for the restaurant. Defendant stated that he had not given any money to friends or family within in a year before his bankruptcy was filed. The chapter 7 trustee requested retirement and bank account statements to confirm Defendant's testimony regarding the dissipation of his retirement funds and the use of credit cards for the failed business, and adjourned the 341 hearing to August 9, 2012. Subsequently, at Defendant's request, the meeting was adjourned again to September 20, 2012 so Defendant could go on vacation.

17. On August 9, 2012, the chapter 7 trustee filed a motion on behalf of himself and the United States Trustee to extend until November 13, 2012 the deadline to object to Defendant's discharge under 11 U.S.C. § 727.

18. On September 20, 2012, Defendant was examined again by the Chapter 7 trustee. Defendant provided account statements from his investment account, along with documents

disclosing the January 2012 rollover of his retirement savings account and vested benefit in the First Federal Bank of Ohio defined benefit pension plan. Both accounts were closed following Defendant's termination from employment as an IT manager/account at First Federal. The Chapter 7 trustee requested credit card statements for Defendant's Citicard, Discover, and Home Depot credit card accounts, and adjourned the meeting to November 1, 2012.

19. On November 1, 2012, the Defendant was examined for a third time. He repeated his claim that he had used his credit cards and some of the money withdrawn from his retirement accounts to fund purchases for Someplace New, Inc. The Chapter 7 trustee repeated his request for the 2011 account statements for Defendant's Citicard, Discover, and Home Depot credit card accounts so that he could confirm Defendant's testimony, and adjourned the 341 meeting to December 13, 2012.

20. On November 8, 2012, the chapter 7 trustee filed a second motion on behalf of himself and the United States Trustee to extend the deadline to object to Defendant's discharge under 11 U.S.C. §727 to February 13, 2013.

21. Defendant never provided the credit card account statements that were requested by the chapter 7 trustee, nor any other documents confirming his testimony that he had dissipated his assets making purchases for Someplace New, Inc.

## COUNT I

### Violation of 11 U.S.C. § 727(a)(4)(A) (False Oath – Schedule B)

22. Defendant made a false oath and statement under penalty of perjury as to material matters, knowingly and fraudulently, in and in connection with his bankruptcy case when he stated that his bankruptcy schedules were correct.

23. On Schedule B, Defendant stated "None" regarding retirement assets. In fact, Defendant had at approximately $79,000 in pre-tax retirement assets in a rollover account at Edward Jones as of the petition date, which funds were transferred to that account in January 2012 when Defendant's employment at First Federal Bank of Ohio was terminated.

24. Defendant made a false oath and statement under penalty of perjury as to material matters, knowingly and fraudulently, in and in connection with his bankruptcy case when he stated in Schedule B that he had no retirement assets. Defendant's statement that he had no retirement assets was made at least recklessly.

25. As a result, Defendant's discharge should be denied pursuant to 11 U.S.C. § 727(a)(4)(A).

## COUNT II

### Violation of 11 U.S.C. § 727(a)(4)(A) (False Oath – Item 2 SOFA)

26. In his Statement of Financial Affairs, item 2, Defendant answered "None" in response to the question which requires him to disclose the amount of income received other than from employment, trade, profession, or operation of a business in the two years immediately preceding commencement of his case

27. In fact, Defendant's checking and savings accounts at First Federal Bank of Ohio and Citizens Bank for the period from January 5, 2011 through February 9, 2012 disclose approximately $89,000 in proceeds withdrawn from Defendant's two post-tax Edward Jones investment accounts that were deposited into his bank accounts.

28. Defendant made a false oath and statement under penalty of perjury as to material matters, knowingly and fraudulently, in and in connection with his bankruptcy case when he stated in item 2 of his Statement of Financial Affairs that he had no income other than from

employment, trade, profession, or operation of a business in the two years immediately preceding the commencement of his bankruptcy case. Defendant's statement that he had no other income was made at least recklessly. As a result, Defendant's discharge should be denied pursuant to 11 U.S.C. § 727(a)(4)(A).

## COUNT III

### Violation of 11 U.S.C. § 727(a)(4)(A) (False Oath – Item 11 SOFA)

29. In his Statement of Financial affairs, Item 11, Defendant answered "None" in response to the question which requires him to disclose accounts held in his name or for his benefit which were closed, sold, or otherwise transferred within the one year preceding the commencement of the case.

30. In fact, Defendant formerly owned checking and savings accounts with First Federal Bank of Ohio in the year preceding the filing of his case. Debtor's accounts at First Federal were closed in connection with the termination of his employment at First Federal in November 2011.

31. Defendant made a false oath and statement under penalty of perjury as to material matters, knowingly and fraudulently, in and in connection with his bankruptcy case when he stated in item 11 of his Statement of Financial Affairs that he had not had any financial accounts closed in the one year preceding the commencement of his bankruptcy case. Defendant's statement regarding the closed financial accounts was made at least recklessly.

32. As a result, Defendant's discharge should be denied pursuant to 11 U.S.C. § 727(a)(4)(A).

## COUNT IV

### Violation of 11 U.S.C. § 727(a)(4)(A) (False Oath – Item 19d SOFA)

7

33. In his Statement of Financial Affairs, Item 19d, Defendant answered "None" in response to the question which requires him to list all financial institutions, creditors or other parties to whom he issued a financial statement within the two years preceding the commencement of the case.

34. In fact, Defendant had completed and signed a loan application on March 29, 2011, in connection with the refinance of an existing personal loan with First Federal Bank of Ohio that increased the existing loan from approximately $12,000 to $32,000. As a result of this refinanced loan, Defendant received cash proceeds of $19,318.50, $18,318.50 of which were deposited to his checking account at First Federal Bank of Ohio.

35. Defendant made a false oath and statement under penalty of perjury as to material matters, knowingly and fraudulently, in and in connection with his bankruptcy case when he stated in item 11 of his Statement of Financial Affairs that he had not issued a financial statement within the two years preceding the commencement of his bankruptcy case. Defendant's statement regarding the issuance of his financial statement was made, at least, recklessly.

36. As a result, Defendant's discharge should be denied pursuant to 11 U.S.C. § 727(a)(4)(A).

## COUNT V

**Violation of 11 U.S.C. § 727(a)(4)(A) (False Oath – Declaration Regarding Bankruptcy Schedules and Statement of Financial Affairs)**

37. On or about April 20, 2012, the Defendant signed his bankruptcy schedules. In signing his schedules, Defendant stated "I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 21 sheets, and that they are true and correct to the best of

8

12-61145-rk    Doc 33    FILED 02/13/13    ENTERED 02/13/13 15:28:18    Page 8 of 14

my knowledge, information, and belief." Defendant filed or caused to be filed these schedules with his electronic signature on April 20, 2012.

38. In fact, Defendant had made false statements in Schedule B, and in items 2, 10, and 19d of his Statement of Financial Affairs when he failed to disclose his rollover retirement assets in his Edward Jones account, failed to disclose the income he received from his post-tax Edward Jones account(s) during 2011 and early 2012, failed to disclose the closure of his First Federal Bank of Ohio checking and savings accounts, and failed to disclose that he had issued a financial statement to First Federal Bank of Ohio on March 29, 2011.

39. Defendant made a false oath and statement under penalty of perjury as to material matters, knowingly and fraudulently, in and in connection with his bankruptcy case when he declared that his bankruptcy schedules and summary were true and correct to the best of his knowledge, information, and belief. Defendant's statements were made at least recklessly.

40. As a result, Defendant's discharge should be denied pursuant to 11 U.S.C. § 727(a)(4)(A).

## COUNT VI

### Violation of 11 U.S.C. § 727(a)(4)(A) (False Oath: ECF Declaration

41. In his ECF Declaration, Defendant declared under penalty of perjury that the information provided in his electronically filed petition, statements, and schedules, as well as any other document containing an original signature, was true, correct, and complete.

42. In fact, Defendant had uttered false statements in Schedule B, and in items 2, 10, and 19d of his Statement of Financial Affairs when he failed to disclose his retirement assets, failed to disclose the income he received from liquidating his Edward Jones account during 2011 and early 2012, failed to disclose the closure of his First Federal Bank of Ohio checking and savings

accounts, and failed to disclose that he had issued a financial statement to First Federal Bank of Ohio on March 29, 2011.

43. Defendant made the false oath and statement in his ECF Declaration under penalty of perjury as to material matters, knowingly and fraudulently, in and in connection with his bankruptcy case when he declared that his bankruptcy schedules and summary were true and correct to the best of his knowledge, information, and belief." Defendant's statements were made at least recklessly.

44. As a result, Defendant's discharge should be denied pursuant to 11 U.S.C. § 727(a)(4)(A).

## COUNT VII

### Violation of 11 U.S.C. § 727(a)(3) (Failure to Keep Records)

45. On April 20, 2012, Defendant filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

46. On June 14, 2012, September 20, 2012, and November 1, 2012, Defendant appeared at the meeting of creditors. On June 14, 2012, the chapter 7 trustee asked Defendant what business records existed which would support his claim that he had invested the proceeds of his retirement account liquidation and assets purchased with his credit cards in Someplace New, Inc. Defendant replied that he did not have any records to substantiate his purported investment in Someplace New, Inc. He stated that his credit card statements would show purchases for the restaurant.

47. Defendant failed to keep or preserve any recorded information, including books, documents, records, and papers, from which his business transactions might be ascertained. Defendant's act or failure to act was not justified under the circumstances of his case.

48. As a result, Defendant's discharge should be denied pursuant to 11 U.S.C. § 727(a)(3).

## COUNT VIII

**Violation of 11 U.S.C. § 727(a)(4)(D) – (Withheld Records from Officer of the Estate)**

49. On June 14, 2012, September 20, 2012, and November 1, 2012, Defendant appeared at the meeting of creditors.

50. On June 21, 2012, the chapter 7 trustee sent Defendant's attorney a letter requesting invoices for materials used to redecorate and/or build out Someplace New, Inc.

51. On September 20, 2012 and November 1, 2012, the chapter 7 trustee asked Defendant to provide copies of the credit card account statements for his Citicard, Discover, and Home Depot credit card accounts for 2011.

52. The Chapter 7 trustee requested these records from Defendant because Defendant did not provide any other records regarding the use of his Edward Jones withdrawals and the use of other credit extended to him during 2011, and because Defendant had stated that the credit card statements would show purchases for the restaurant.

53. As of February 13, 2013, Defendant has not provided the information requested by the chapter 7 trustee.

54. Defendant withheld from the chapter 7 trustee, an officer of the estate entitled to possession under this title, recorded information, including books, documents, records, and papers, relating to Defendant's property or financial affairs.

55. As a result, Defendant's discharge should be denied pursuant to 11 U.S.C. §727(a)(4)(D).

## COUNT IX

**Violation of 11 U.S.C. § 727(a)(5) – (Failure to Explain Loss of Assets)**

56. On June 14, 2012, September 20, 2012, and November 1, 2012, Defendant testified under oath at the meeting of creditors. During this testimony and later, by failing to provide the chapter 7 trustee with the records that the trustee requested, Defendant failed to explain satisfactorily the loss of assets or deficiency of assets to meet his liabilities.

57. The assets subject to dissipation are the proceeds of investment savings withdrawals, the cash received from new borrowing, and the items purchased with the increase in credit cards during 2011.

58. On March 29, 2011, when Defendant completed and signed the loan application for First Federal Bank of Ohio, he stated that his unsecured credit card and personal loan debt totaled $28,738.00. As of April 20, 2012, Defendant's total credit card and personal loan debt as listed in Schedule F was $111,496.29. The increase in credit card debt and personal loan debt over the thirteen months between March 29, 2011 and April 20, 2012 was $87,758.29. Defendant testified that his credit cards were used to purchase items for the restaurant. Defendant has not provided a single document to substantiate this claim, or to explain the dissipation of the assets purchased using personal loans and credit cards.

59. Beginning on January 5, 2011, Defendant deposited into his checking and savings accounts the following sums of money: 1) $89,000 in proceeds from liquidating investments in his pre-tax Edward Jones investment account(s); 2) $18,318.50 of the $19,318.50 in cash disbursed to from the refinanced loan with First Federal Bank of Ohio; 3) $7,162.50 in cash from a loan provided by Prosper Marketplace, and 4) $8,304.54 in cash from a loan taken against his 401(k) at First Federal Bank. The total of cash deposited into Defendant's checking and savings accounts between January 4, 2011 and January 5, 2011 and January 4, 2012 is $122,558.99.

During 2011, Defendant was working full time at First Federal Bank of Ohio, with bi-weekly deposits into his checking account of his net pay after taxes and retirement savings deferrals, in sums varying from approximately $900 to $1,100.

60. Defendant's First Federal bank account statements also disclose a pattern of large cash withdrawals at the main bank or of repeated smaller withdrawals at automated teller machines. The total of these cash withdrawals between January 5, 2011 and October 14, 2011 is approximately $42 thousand. During October 2011, Defendant withdrew more than $15,000.

61. Defendant has failed to satisfactorily explain the loss or deficiency of assets to meet his liabilities. Defendant was employed full time until approximately November 2011. He earned $34 thousand after deferrals to retirement savings during that period of time. During 2011 he deposited $122,558.99 in cash into his checking and savings accounts. Defendant paid personal expenses and made credit card payments during 2011, but he has failed to account for the assets purchased with his credit cards. Defendant withdrew $42 thousand in cash during 2011, including $15 thousand withdrawn in the month before his employment ended. Debtor has not provided a single record to account for the dissipation of cash from his bank account, or the disposition of assets purchased with his credit cards.

62. As a result, Defendant's discharge should be denied pursuant to 11 U.S.C. § 727(a)(5).

**WHEREFORE,** the United States Trustee asks this Court to deny Defendant's discharge under 11 U.S.C. §§ 727(a)(3), (4), and (5), and for such further relief as this Court deems just and proper.

Respectfully submitted,

Daniel M. McDermott
United States Trustee Region 9

/s/ *Derrick V. Rippy*

Derrick V. Rippy (0044069)
U.S. Department of Justice
Office of the United States Trustee
H.M. Metzenbaum U.S. Courthouse
201 E. Superior Ave., Suite 441
Cleveland, OH 44114-1240
(216) 522-7800, ext. 232
(216) 522-7193 facsimile
Derrick.V.Rippy@usdoj.gov

14

12-61145-rk    Doc 33    FILED 02/13/13    ENTERED 02/13/13 15:28:18    Page 14 of 14